

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIPINE LEWIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 7:18-cv-08029-LSC |
| | ) | (7:18-cr-00030-LSC-SGC-1) |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

## I.  Introduction

Petitioner Phillipine Lewis ("Lewis") filed with the Clerk of this Court a motion to vacate, set aside, or otherwise correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Lewis sought relief from his 36-month sentence of imprisonment following his convictions for mail and wire fraud. The Government responded in opposition to the motion. (Doc. 8.) Although he was imprisoned when he filed his § 2255 motion, according to the Bureau of Prisons' Inmate Locator online database, Lewis was released from federal prison on March 12, 2021, and he is currently serving a 36-month term of supervised release under the supervision of the United States Probation Office.

As is explained below, this action is due to be dismissed for lack of jurisdiction.

## II.     Background

Before filing an indictment, the Government served Lewis with a target letter, and the Office of the Federal Public Defender was appointed to represent Lewis in May 2017. (Doc. 8-1 at 1.)[1] Attorney Glennon Threatt met with the Government and Lewis in an effort to resolve this case pre-indictment. (*Id.*) In September 2017, Mr. Threatt communicated to the Government that Lewis was not interested in a resolution; therefore, the Government proceeded with the indictment. (*Id.*)

On January 24, 2018, a seven-count indictment was filed in which Lewis was charged with conspiracy to commit mail and wire fraud, mail fraud, wire fraud, and aiding and abetting in violation of 18 U.S.C. §§ 1341, 1342, 1343, and 1349. The indictment alleged that between September 2014 and April 2017, Lewis received more than $250,000 in fraudulently obtained funds via U.S. Postal Service and other commercial carriers at his residence in Tuscaloosa, Alabama. Victims were contacted via telephone by an unknown individual who informed the victims that they had won the lottery and instructed them to send money to Lewis. Once Lewis received the funds, he deposited the funds into various bank accounts that he owned in Tuscaloosa, Alabama.

---

[1] Lewis's appointed criminal defense attorney has filed an affidavit that the Government has attached to its brief in opposition to the § 2255 motion. (Doc. 8-1.) This Court has ruled that Lewis has waived attorney-client privilege. (Doc. 4.)

On January 31, 2018, Mr. Threatt filed his notice of appearance to represent Lewis. On February 15, 2018, Lewis entered a plea of "not guilty" during his arraignment and was released on bond. Mr. Threatt thereafter made several unsuccessful attempts to communicate with Lewis about his case before meeting with him in person on March 6, 2018. (Threatt affidavit, Doc. 8-1 at 1-2.) On April 4, 2018, Mr. Threatt met with Lewis to review the terms of a plea agreement. (*Id.* at 2.) Following their meeting, Mr. Threatt sent Lewis a detailed letter including a description of the terms of the plea agreement as well as a sentencing guideline worksheet. (*Id.*)

On April 10, 2018, Lewis pled guilty to count one of the indictment (conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349) in exchange for the Government agreeing to dismiss counts two through seven, recommend an appropriate sentence reduction for acceptance of responsibility, and recommend a term of imprisonment consistent with the United States Guidelines range as determined by the Court. Lewis signed the plea agreement, representing that he understood all the terms of the agreement and wished to enter a guilty plea in accordance with those terms of the agreement.

Lewis appeared in court that same day and entered a formal plea of guilty. At the plea hearing, Lewis confirmed the terms of the plea agreement, including the

accuracy of the factual basis. (Crim. Doc. 26 at 14-15.) Lewis acknowledged that he discussed the Guideline range with his attorney. (*Id.* at 10.) Lewis acknowledged understanding the statutory range of punishment. (*Id.* at 12.) After finding that Lewis's guilty plea was knowing and voluntary, this Court accepted the plea and adjudged Lewis guilty. (*Id.* at 17.)

In preparation for sentencing, Mr. Threatt met with Lewis on August 3, 2018 to review the Presentence Investigation Report and discuss the expectations at sentencing. (Doc. 8-1 at 3.) On August 9, 2018, this Court sentenced Lewis to 36 months of imprisonment followed by 36 months of supervised release. The Court also ordered Lewis to pay a total of $277,300 to victims of his criminal conduct. Furthermore, Lewis was ordered to forfeit $29,256.53 to the United States. Judgment was entered the following day.

Lewis did not file an appeal.

On September 17, 2018, Lewis filed a § 2255 motion on the form provided by the federal courts for such motions. (Doc. 1.) Lewis enumerated two grounds on which he contends that he is due relief. For Ground One, he wrote as follows: "I was sentenced to 36 months in Federal Custody. I was under the impression I was to receive probation only." (*Id.* at 3.) For Ground Two, he wrote: "My lawyer said he was going to file for probation." (*Id.* at 5.) In the "relief requested" portion of his

4

form § 2255 motion, Lewis wrote as follows: "To please relieve me of my federal prison sentence of 36 months and place me federal probation for a time to be determined by the court." (*Id.* at 9.)

### III. Timeliness and Non-Successiveness of the § 2255 Motion

Because Lewis filed the instant § 2255 motion within one year of the date upon which his conviction became final, the motion is timely. *See* 28 U.S.C. § 2255 (f)(1) (2018). This is also Lewis's first § 2255 motion, so it is not "second or successive" within the meaning of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See id.* at §§ 2255(h), 2244(b)(3)(A).

### IV. Effect of Lewis's Supervised Release on his § 2255 Motion

Under § 2255, a district court may consider a habeas petition from a prisoner who is "in custody under sentence of a court established by Act of Congress . . . ." 28 U.S.C. § 2255. Because "[s]upervised release carries with it the possibility of revocation and additional jail time," a person serving a term of supervised release is still "'in custody' within the meaning of 2255." *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (citing *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963) (holding that paroled prisoner is in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally")).

Accordingly, the fact that Lewis has been released from prison is not a jurisdictional impediment to this Court considering his § 2255 motion.

While Lewis satisfies the "in custody" requirement, this Court is precluded by Article III, 2 of the Constitution from exercising jurisdiction if there is no longer a case or controversy. An issue becomes moot when a prisoner receives relief before a court resolves his motion. When that happens, the controversy between the parties disappears, and there is no issue for the court to resolve. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"). Here, the only relief that Lewis sought in his § 2255 motion was to be released from prison and placed on supervised release "for a term to be determined by the Court." (Doc. 1 at 9.) Now that Lewis has been released from prison and is on supervised release, the Court cannot grant Lewis any remedy, because Lewis has already obtained all of the relief that he sought. Thus, there is no ongoing case or controversy, and Lewis's § 2255 petition is moot. *See Mattern v. Secretary for Dept. of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007) ("A habeas petitioner who has been released from imprisonment subsequent to his filing a [§ 2255 motion] must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot."); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)

("some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained").

In *Owen v. United States*, the Eighth Circuit dismissed a collateral challenge to an already-completed prison term as moot. 930 F.3d 989, 991 (8th Cir. 2019). The court rejected the argument that "there [was] still a live case or controversy arising from [a] continued term of supervised release" because the appellant had not challenged his term of supervised release before the district court. *Id.* at 990. So too here, "[t]he mere fact that [Lewis] is serving an unexpired, unchallenged term of supervised release does not sustain an actual controversy." *See id. See also Bailey v. United States*, 2013 WL 4851679, at *6 (N.D. Ala. Sept. 10, 2013) (dismissing a § 2255 petition as moot because the petitioner had been released from prison and was on supervised release, and the petitioner did not "attack the validity of his guilty plea; he challenge[d] only the length of his sentence"); *Thomas v. United States*, 2017 WL 2772099, at *1 (S.D. Ga. May 10, 2017) (Report and Recommendation), adopted by 2017 WL 2772094 (S.D. Ga. June 26, 2017)) (same).

Nor could the argument be made that Lewis's § 2255 motion is not moot because this Court could still reduce Lewis's term of supervised release. Importantly, Lewis did not ask this Court to reduce his supervised-release term. He

7

argued that he thought he was going to receive supervised release and asked the Court to immediately place him on supervised release for a length of time determined by the Court. The Court has already determined that Lewis's term of supervised release is 36 months.

## VI. Conclusion

For the foregoing reasons, Lewis's § 2255 motion is due to be denied as moot and dismissed for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the certificate of appealability issue, one will not be issued by this Court. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Lewis's claim does not satisfy either standard. Accordingly, insofar as an application for a certificate of appealability is implicit in Lewis's motion, it is due to be denied.

A separate closing order will be entered.

The Clerk is directed to update Lewis's address on the docket sheet as follows and mail a copy of the foregoing to Lewis at the following address:

**1107 39th Avenue Northeast**
**Tuscaloosa, Alabama 35404**

**DONE** and **ORDERED** on July 21, 2021.

_____
L. Scott Coogler
United States District Judge

160704